Deborah McGOWAN, Appellant,

v.

**GENERAL DYNAMICS CORPORATION,**
Appellee.

No. 85–1975.

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1986.

Decided June 26, 1986.

**362**

Edwin A. Keaton, Camden, Ark., for appellant.

Teresa M. Wineland, El Dorado, Ark., for appellee.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Deborah McGowan appeals from an order of the district court [1] denying her relief for alleged discriminatory hiring practices used by General Dynamics Corporation (the Corporation) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. For reversal, McGowan contends that the district court erred (1) in denying her motions to compel the Corporation to produce personnel and employment records for all clerical and hourly positions filled by the Corporation since November 1981; (2) in denying her a hearing on her second motion to compel and in denying her motions for continuance; and (3) in concluding that the Corporation articulated legitimate, non-discriminatory reasons for its denial of her applications for employment. Upon review of the record, we affirm.

## I. BACKGROUND.

McGowan, a white woman, is married to a black male employee of the Corporation.

She attended college for four years majoring in secretarial science, but withdrew thirty-two hours short of a degree. Her resume indicates limited experience as a clerk/typist and as a tutor of typing and reading skills.

In her complaint, McGowan alleged that she filed applications for "any clerical or line job" with the Corporation in November 1981, and on other occasions [2] when she was aware that openings for jobs of this nature would soon occur. The Corporation filled numerous clerk and line positions after McGowan initially applied for employment. Although the Corporation considered McGowan for three clerical positions and one line position, it hired other applicants for those positions. McGowan contended that the Corporation refused to hire her for these positions or to consider her for other positions on grounds of her interracial marriage and/or because her husband had previously filed discrimination charges against the Corporation.[3]

On July 24, 1984, the district court entered an order setting the case for trial on December 12. The court's order specifically required discovery to be completed and all motions to be filed in time to allow the opposing party to file its response thirty days prior to trial. McGowan did not serve her first request for the production of documents and things on the Corporation until October 25, 1984. The Corporation responded on November 12, 1984, providing most of the documents requested, but objecting to three requests for personnel and employment records for all clerical and hourly positions filled by the Corporation since November 1981,[4] based on the burden

---

1. The Honorable Oren Harris, Senior United States District Judge for the Eastern and Western Districts of Arkansas.

2. At trial, apparently, and in her brief on appeal, McGowan specified that she submitted additional job applications to the Corporation on March 11, 1982; January 5, 1983; and January 15, 1985.

3. In her complaint, McGowan alleged that her husband had formally charged the Corporation with civil rights violations on March 5, 1982. In

her brief on appeal, she contends such charges were filed on three separate occasions: in 1974 or 1975; on May 11, 1980; and on April 22, 1982.

4. The disputed requests included the following:

 c. Employment applications, typing and/or other tests, and updated work history cards for all persons who have been hired, since November 1981, to clerical positions for which plaintiff was not, or has not been considered;

imposed upon the Corporation by the requests and the irrelevance of the requested material. These records included data relating to 121 clerical positions and 600 line jobs. On November 26, 1984, McGowan filed a motion to compel production of the documents in question, which the district court denied following a hearing. The trial date was rescheduled for May 6, 1985.

In February and March 1985, McGowan submitted supplemental requests for documents to the Corporation. In at least one of these requests, McGowan sought the personnel and employment records previously requested from the Corporation. The Corporation filed the same objections in response to McGowan's supplemental request. On March 29, 1985, McGowan filed a second motion to compel production of the disputed documents. The district court denied the motion on May 2, 1985. McGowan's motions for continuance were also denied, and the case proceeded to trial as scheduled.

The district court found for the Corporation, dismissing McGowan's complaint with prejudice. In the judgment of the court, McGowan established a prima facie case of discrimination, but failed to show by a preponderance of the evidence that the reasons offered by the Corporation for its refusals to hire her (i.e. the superior qualifications of the successful applicants) were pretextual. This appeal followed.

## II. DISCUSSION.

### A. Discovery.

■ Generally, parties may obtain discovery regarding any unprivileged matter so long as it is relevant to the subject matter of the pending action. Fed.R.Civ.P. 26(b)(1). In addition, the frequency and extent of discovery may be limited by the trial court if it determines that a party's request is unduly burdensome or expensive. *Id.* Appellate review of a trial court's determination concerning discovery matters is very narrow. *Prow v. Medtronic, Inc.*, 770 F.2d 117, 122 (8th Cir.1985). Reversal is inappropriate absent a "gross abuse of discretion resulting in fundamental unfairness in the trial of the case." *Voegeli v. Lewis*, 568 F.2d 89, 96 (8th Cir. 1977).

■ Contrary to McGowan's contentions on appeal, she has failed to demonstrate that such an abuse of discretion occurred in the instant case. The three discovery requests at issue in McGowan's motions to compel were extremely broad in scope, both in terms of the period of time and the number of jobs, job openings, applicants and resultant documents they encompassed. Notably, McGowan made no effort to limit the scope of her requests even after the trial court's denial of her initial motion to compel. Moreover, the information sought by McGowan through her requests and motions to compel was, very probably, irrelevant to her claims in the pending action. Data derived from the requested documents would be insufficient from a statistical standpoint to be probative of the Corporation's hiring practices as they relate to interracially married persons or to relatives of plaintiffs bringing discrimination suits against the Corporation due to the low number of job applicants and corporate employees who present either of these profiles.

Additionally, to the extent that the data would have revealed material relevant to McGowan's discrimination charge, the material would have been substantially less probative than that evidence which McGowan already held. The Corporation admitted that it did not consider McGowan for any line jobs prior to 1985, although McGowan's employment applications apparently expressed her willingness to accept "any clerical or line job." This complete failure

f. Employment applications and updated work history cards for all persons who have been hired, as a new employee, or from outside General Dynamics Corporation, to hourly positions, since November 1, 1981; and

g. Job titles, job descriptions and job qualifications for all hourly positions which have been filled by new employees or from outside General Dynamics Corporation since November 1, 1981.

of the Corporation to consider McGowan for a line job would be far more probative of discrimination than would any statistical data indicating she might have been as or more qualified for a line job than someone who was hired. The discovery requested by McGowan, therefore, would have been burdensome to the Corporation without providing McGowan additional inferences of discrimination over the proof she already possessed. Thus we cannot say that under the circumstances the district court abused its discretion in denying further discovery to McGowan or, that if the trial court erred in its ruling, McGowan sustained prejudice thereby.[5]

### B. Sufficiency of the Evidence.

McGowan argues that the district court's finding that the Corporation articulated legitimate, non-discriminatory reasons for not hiring her is not supported by the evidence. In so doing, McGowan first disputes the district court's conclusion that all of the successful applicants for the clerical positions for which she was considered were more qualified than McGowan in terms of their education and/or experience. The district court's conclusion is supported by the record.

 McGowan next contends that the district court, as evidenced by its denial of her motions to compel, did not give due consideration to the hundreds of positions which the Corporation filled without even considering McGowan's applications. This argument does not justify reversal as we have noted. McGowan did not receive consideration for line jobs prior to January 1985, because her previous applications evidenced training and experience in the clerical field, but not such qualifications in manufacturing, production or assembly line work. Further, subsequent to her initial application, the Corporation was not obligated to call McGowan for an interview each time a clerical or line position came open until she was hired. In light of the sheer number of persons seeking employment with the Corporation, implementation of such a policy would be impracticable.

The evidence indicates that McGowan's applications for employment were duly considered by the Corporation and in each instance more qualified applicants were selected. Therefore, the trial court's findings that the Corporation articulated legitimate, non-discriminatory reasons for the hiring decisions in question are not clearly erroneous.

### III. CONCLUSION.

Accordingly, we affirm the judgment of dismissal.

---

5. There were no issues raised in McGowan's second motion to compel which were not addressed in the hearing on her prior motion. Therefore, the district court did not err in refusing McGowan a hearing on the second motion to compel. Furthermore, because McGowan's motions for continuance were based solely on her alleged need for further discovery, there was no ground for continuance after her motions to compel were properly denied.