Samuel C. WILSON and Flora I. Wilson, His Wife

v.

**BELOIT CORPORATION, et al.**

Civ. No. 87–1051.

United States District Court,
W.D. Arkansas,
El Dorado Division.

Nov. 29, 1989.

Art Anderson, North Little Rock, Ark., for Samuel and Flora Wilson.

James M. Moody, Little Rock, Ark., for Beloit Corp.

Dennis L. Shackleford, El Dorado, Ark., for Intern. Paper Co.

## MEMORANDUM OPINION AND ORDER

OREN HARRIS, District Judge.

Plaintiffs bring this action seeking damages for a leg injury sustained by Mr. Wilson while working for defendant International Paper Company (IPC). Wilson was awarded workers' compensation benefits, and then brought this action against Beloit Corporation, the manufacturer of the machine which allegedly caused the injury. When Wilson sought to obtain certain component parts of the machine, it was discovered that the parts were missing. Wilson then brought IPC into this action on the theory that IPC either intentionally destroyed or negligently lost the parts, thereby irreparably damaging his lawsuit against Beloit.

IPC moved for summary judgment on the theory that Wilson's claim against it was an attempt to circumvent the exclusivity provisions of the Arkansas Workers' Compensation Law. At the conclusion of a hearing on December 17, 1987, the Court granted IPC's motion for summary judgment, and Wilson appealed.

On March 16, 1989, the Eighth Circuit Court of Appeals entered an opinion reversing the ruling of this Court, and remanding for further consideration. *See* 869 F.2d 1162 (8th Cir.1989). The Court of Appeals held that the Workers' Compensation Act did not apply to the injury allegedly sustained by IPC's negligent or intentional interference with Wilson's cause of action against Beloit, and that in a case of this nature, an employer is not protected by the exclusivity provision. The Court of Ap-

peals further stated that this Court made no ruling on whether IPC had (1) a statutory duty to preserve the component parts for the injured employee; (2) assumed a duty to preserve them; or (3) a duty imposed under Arkansas tort law. The case was remanded for a determination as to whether there was such a duty.

By a letter dated September 19, 1989, the Court requested counsel to submit briefs on the issue of IPC's duty to preserve the parts. Counsel have submitted briefs in accordance with the Court's direction, and the Court is now ready to rule on this issue.

In the case of *Koplin v. Rosel Well Perforators, Inc.*, 241 Kan. 206, 734 P.2d 1177, 70 A.L.R.4th 973 (1987), the Kansas Supreme Court, faced with a situation virtually identical to the one presented here, stated the general rule governing a duty to preserve evidence as follows:

> Absent some special relationship or duty arising by reason of an agreement, contract, statute, or other special circumstance, the general rule is that there is no duty to preserve possible evidence for another party to aid that party in some future legal action against a third party.

241 Kan. at 208, 734 P.2d at 1179, 70 A.L.R.4th at 977. With this rule in mind, the Court will proceed to address the questions presented on remand.

■ 1. DID IPC HAVE A STATUTORY DUTY TO PRESERVE THE COMPONENT PARTS FOR THE INJURED EMPLOYEE? IPC argues that there is no statutory duty to preserve the parts. Wilson cites two criminal statutes, Ark.Code Ann. §§ 5–53–110 and 5–53–111, which proscribe tampering with an official proceeding or investigation, and tampering with physical evidence, respectively. In *Coley v. Arnot Ogden Memorial Hospital*, 485 N.Y.S.2d 876, 107 A.D.2d 67 (1985), the plaintiff, in the course of her employment with defendant-hospital, was injured when a ladder she was standing on collapsed. Hospital personnel determined that the ladder was unsafe and discarded it, thereby preventing plaintiff from discovering the manufacturer and bringing a products liability action. Plaintiff sued the hospital alleging, *inter alia*, a violation of a penal statute prohibiting tampering with physical evidence. The Appellate Division of the New York Supreme Court stated that it was "unpersuaded by plaintiff's allegations of a violation of Penal Laws," on the basis that there was no evidence to show that hospital employees intended to prevent the use of the ladder in an official proceeding.

Here, Wilson does not know if the parts were intentionally destroyed or negligently lost. Because Wilson cannot state with certainty what happened to the parts, leaving open the possibility that mere negligence may be to blame, it would certainly not be appropriate to invoke a criminal statute which requires intent.

The Court is unable to find any statute which would impose upon IPC a duty to preserve the parts under the facts presented here. The Court therefore concludes that no statutory duty exists.

■ II. DOES ARKANSAS TORT LAW IMPOSE A DUTY TO PRESERVE EVIDENCE? Neither Wilson nor IPC cite any principle of Arkansas tort law which would impose a duty on IPC to preserve the parts. The Court has been unable to find an Arkansas case which has imposed such a duty. It is well established that the right to recover for injuries sustained from neglect is based upon violation of a duty, and where there is no duty, there can be no neglect. *Rice v. King*, 214 Ark. 813, 218 S.W.2d 91 (1949). Nor does the Court find that Arkansas has ever recognized a common law tort for intentional interference with a prospective civil action by spoliation of evidence. Therefore, the Court finds that Arkansas tort law imposes no duty on IPC.

■ III. DID IPC ASSUME A DUTY TO PRESERVE THE PARTS? According to the rule stated in *Koplin, supra*, IPC assumed a duty to preserve the parts if it agreed or contracted to do so. There is no evidence of a contract in this case, so the sole question for the Court's consideration is whether IPC agreed to preserve the

parts for Wilson. The Court finds that IPC did not enter into such an agreement.

The Court notes that Wilson filed a motion for leave to depose Cecil Counts, a retired safety director for IPC, in order to determine whether IPC assumed a duty to preserve the parts. By way of response to the motion, IPC has submitted an affidavit of Mr. Counts in which he states "I do know that there was never an agreement with anyone to retain parts of the equipment on which Mr. Wilson was working when he was injured." IPC previously submitted an affidavit of James M. Pratt, the attorney who represented IPC in the workers' compensation proceedings. Mr. Pratt states that neither he nor any employee of IPC agreed to preserve the parts of the machinery for Wilson.

The record that has been developed in this case clearly shows that there was no agreement to preserve the parts, and in the absence of such an agreement, IPC was under no duty to preserve them. *See* Annotation, *Spoliation of Evidence*, 70 A.L.R.4th 985.

Wilson additionally argues that the employer/employee relationship which existed between IPC and himself was sufficient to impose a duty on IPC to preserve the parts. In *Koplin, supra,* the Kansas Supreme Court was presented with a situation in which an employer did not preserve certain evidence, and the court did not consider the employer/employee relationship to be one which would impose a duty to preserve the evidence. The Alabama Supreme Court reached a similar result in *Parker v. Thyssen Mining Construction, Inc.,* 428 So.2d 615 (1983). The Court finds that the relationship between Wilson and IPC did not impose a duty on IPC to preserve the parts.

## CONCLUSION

Having concluded that IPC had no duty, either statutory, common law, or assumed, to preserve the parts, the Court finds that IPC's motion for summary judgment must be granted because Wilson has suffered no cognizable injury. The Court will also deny the motion for leave to depose Mr. Counts as moot.

## ORDER

IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUDGED that the motion for summary judgment filed by defendant International Paper Company be and the same is hereby granted.

IT IS FURTHER ORDERED that plaintiffs' complaint, insofar as it contains allegations pertaining to International Paper Company, be and the same is hereby dismissed.

IT IS FURTHER ORDERED that plaintiffs' motion for leave to depose Mr. Cecil Counts be and the same is hereby denied as moot.