**Samuel Carlton WILSON and Flora Idell Wilson, his wife, Appellants,**

**v.**

**BELOIT CORPORATION; John Doe Defendants 1–10**

**International Paper Company, Appellee.**

**No. 90–1007.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 9, 1990.

Decided Dec. 14, 1990.

---

David Rawls, Little Rock, Ark., for appellant.

Dennis Shackleford, El Dorado, Ark., for appellee.

Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.

MAGILL, Circuit Judge.

Samuel and Flora Wilson appeal this diversity case from the district court's [1] orders granting International Paper Company's (IPC) motion for summary judgment and denying their motion to depose a former IPC employee. Because the district court's conclusion that Arkansas law does not permit a civil claim for spoliation of evidence was proper and its refusal to permit discovery was not an abuse of discretion, we affirm.

## I.

On April 24, 1984, Samuel Wilson sustained a leg injury while working for IPC. After recovering workers' compensation benefits for the injury, the Wilsons filed a personal injury action on April 13, 1987, against Beloit Corporation, the manufacturer of the machine that allegedly caused the injury. The Wilsons later discovered that parts of the machine involved in the accident were missing. They then brought IPC into the action on the theory that IPC either intentionally destroyed or negligently lost the parts and thus interfered with their suit against Beloit.

On September 8, 1987, IPC moved for summary judgment, contending that the exclusivity provisions of Arkansas' workers' compensation law barred the Wilsons' action. The district court granted the motion, but this court reversed and remanded for further consideration. *See Wilson v. Beloit Corp.*, 869 F.2d 1162 (8th Cir.1989). Specifically, we directed the district court to determine "whether IPC had (1) a statutory duty to preserve the component parts for the injured employee; (2) assumed a duty to preserve them; or (3) a duty imposed under Arkansas tort law." *Id.* at 1164.

The district court on remand requested the parties to submit briefs by October 18, 1989, on the issue of IPC's duty to preserve the parts. On November 29, 1989, the district court, finding no duty under any of the three theories, again granted IPC's motion for summary judgment. 725 F.Supp. 1056. The district court also denied the Wilsons' motion to depose IPC's safety director, filed on November 17, 1989, as moot. After the district court denied the

1. The Honorable Oren Harris, Senior United States District Judge for the Eastern and Western Districts of Arkansas.

Wilsons' motion for reconsideration, they filed this appeal.

## II.

■ The Wilsons first argue on appeal that the district court erred in determining that their cause of action was not cognizable under Arkansas law. "[I]t is our practice to defer to the state-law rulings of a federal district court sitting in the state whose law is controlling. ... [W]e will overturn [this] state-law ruling only if the ruling is fundamentally deficient in analysis, without a reasonable basis, or contrary to a reported state-court opinion." *Economy Fire & Casualty Co. v. Tri–State Ins. Co.*, 827 F.2d 373, 375 (8th Cir.1987). We review the district court's decision under this deferential standard.

The district court first found that IPC had no statutory duty to preserve the parts. The Wilsons cite two Arkansas statutes in support of their argument that such a duty exists: Ark.Stat.Ann. §§ 5–53–110 and 111.[2] As the district court properly noted, these are criminal statutes that require intent. Because Wilson did not allege any facts supporting the proposition that IPC intentionally destroyed the parts, the district court found the statutes inapplicable. In support of this finding, the district court cited *Coley v. Arnot Ogden Memorial Hosp.*, 107 A.D.2d 67, 485 N.Y. S.2d 876 (App.Div.1985), wherein a New York court expressly rejected a claim similar to the Wilsons' that was based on a state criminal statute. *Id.* 485 N.Y.S.2d at 878. The district court was unable to find any other statute that supported the Wilsons' cause of action, and concluded that no statutory duty existed. This conclusion was not fundamentally deficient in analysis, was not without a reasonable basis, and is not contrary to reported Arkansas case

law. Therefore, we defer to the district court's state-law ruling.

■ The district court next found that Arkansas tort law did not impose a duty to preserve evidence. The court was unable to find an Arkansas case recognizing a common law tort for intentional interference with a prospective civil action by spoliation of evidence. The Wilsons concede that there are no binding Arkansas decisions recognizing such a tort, but contend that because other jurisdictions have recognized such a tort, summary judgment for IPC is improper. This *non sequitur* ignores one of the two basic criteria for summary disposition, namely, that summary judgment is proper where the moving party is entitled to judgment as a matter of law. *See, e.g., Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir.1984). Here, the district court held that IPC was entitled to judgment as a matter of *Arkansas* law, and we defer to this state-law ruling.

■ The district court also found that IPC did not assume a duty to preserve the parts. Because there are apparently no binding Arkansas decisions on point, the district court applied the analysis set forth in *Koplin v. Rosel Well Perforators, Inc.*, 241 Kan. 206, 734 P.2d 1177 (1987). In that case, the Kansas Supreme Court stated:

Appellant readily concedes that the tort of spoliation of evidence is relatively new and so far as we can determine very few states have actually recognized such a tort. Absent some special relationship or duty arising by reason of an agreement, contract, statute, or other special circumstance, the general rule is that there is no duty to preserve possible evidence for another party to aid that other party in some future legal action against a third party.

*Id.* 734 P.2d at 1179. The district court noted that there was no evidence of any

---

**2.** Section 5–53–110 states in pertinent part: "A person commits the offense of tampering if, believing that an official proceeding or investigation is pending or about to be instituted, he induces or attempts to induce another person to: ... (2) Withhold any unprivileged ... thing regardless of the admissibility under the rules of evidence of the ... thing...." Ark.Stat.Ann.

§ 5–53–110 (1987). Section 5–53–111 states in pertinent part: "A person commits the offense of tampering with physical evidence if he alters, destroys, suppresses, removes, or conceals any record, document, or thing with the purpose of impairing its verity, legibility, or availability in any official proceeding or investigation." *Id.* § 5–53–111(a).

written contract to preserve the machine parts, so the sole issue was whether IPC somehow agreed to preserve the parts for the Wilsons. After reviewing the evidence, the district court concluded that IPC did not enter into any such agreement.

[4] The Wilsons challenge this finding on a number of grounds. First, they contend that instead of the Kansas *Koplin* rule, the district court should have adopted the reasoning of *Pirocchi v. Liberty Mut. Ins. Co.*, 365 F.Supp. 277 (E.D.Pa.1973), in which the court stated that an employer's possession of the instrument that allegedly caused a tort may give rise to a duty to act reasonably. *Id.* at 281. We defer, however, to the judgment of the able and experienced Senior District Judge on the issue of which rule the Arkansas Supreme Court would apply. *See Economy Fire & Casualty*, 827 F.2d at 375.

The Wilsons also contend that an affidavit their attorney filed created a material issue of fact that precluded summary disposition. The affidavit stated: "In various telephone conversations ... with [IPC's attorney], I was left with the impression that International Paper Company would retain the machine bolts or cap screws for my inspection." Affidavit of Art Anderson, Joint App. at 62. This affidavit does not support the Wilsons' argument. It states merely that the attorney had an impression, and does not allege any facts relating to an agreement between the Wilsons and IPC. Also before the district court on this issue were two IPC affidavits, one from an IPC attorney and one from a retired safety director for IPC. Both affidavits expressly denied the existence of any agreement with Wilson to preserve the relevant parts. Affidavit of James M. Pratt, Jr., Joint App. at 47; Affidavit of Cecil Counce, Joint App. at 161. Based on the evidence before it, the district court did not engage in impermissible fact-finding, but rather properly granted summary judgment where no genuine issue of material fact existed. *See Haas v. Weiner*, 765 F.2d 123, 124 (8th Cir.), *cert. denied*, 474 U.S. 981, 106 S.Ct. 386, 88 L.Ed.2d 338 (1985); *see also Chilingirian v. Boris*, 882 F.2d 200, 203 (6th Cir.1989) (holding that summary judgment was prop-

er where there was no evidence that discovery would have disclosed disputed material facts in support of non-movant's claim); *Alyeska Pipeline Serv. Co. v. United States Envtl. Protection Agency*, 856 F.2d 309, 314 (D.C.Cir.1988) (stating that "a motion for summary judgment adequately underpinned is not defeated simply by a bare opinion or unaided claim that a factual controversy persists").

■ The Wilsons also argue on appeal that the district court erred in refusing to allow them to depose IPC's retired safety director, Cecil Counce, before it granted IPC's summary judgment motion. They argue that the district court should have given them a "reasonable opportunity to gain access to proof." Appellants' Brief at 12. We note as an initial matter that the Wilsons did not make their discovery request until two months after the district court had requested briefs on the duty to preserve issue, and one month after the briefs were due. In their November 17, 1989, motion to depose Counce, the Wilsons state: "It has recently come to the plaintiffs' attention that Mr. Cecil Counts [sic], former Safety Director of International Paper Company, has retired, is available, and may possess information relevant to the summary judgment motion now under consideration." Joint App. at 155. This statement implies that the Wilsons were unaware of Counce's existence and potential significance to their claim until sometime in late 1989. The facts clearly show otherwise. The Wilsons' attorney wrote Counce on May 25, 1984, requesting information about the relevant machine parts. Joint App. at 153. IPC also informed the Wilsons sometime before September 1987 that Counce had been in charge of the parts. Joint App. at 31. The Wilsons had more than a merely reasonable opportunity to depose Counce.

■ Our review of a trial court's determination concerning discovery matters is "very narrow." *McGowan v. General Dynamics Corp.*, 794 F.2d 361, 363 (8th Cir. 1986). We will not reverse such a determination "absent a 'gross abuse of discretion

resulting in fundamental unfairness in the trial of the case.' " *Id.* (quoting *Voegeli v. Lewis*, 568 F.2d 89, 96 (8th Cir.1977)). The district court did not permit the Wilsons to depose Counce because it believed such discovery would not reveal any facts relevant to the duty to preserve. The only legal issue Counce could have provided any relevant information about was whether there was any agreement between IPC and the Wilsons to preserve parts. He had already stated in an affidavit that he was not aware of any such agreement. In light of these facts, the district court's refusal to grant the Wilsons' discovery motion is not an abuse of discretion.

### III.

For the foregoing reasons, we affirm the district court's order granting summary judgment in favor of IPC and denying the Wilsons' motion to depose a former IPC employee.