SDI OPERATING PARTNERSHIP, L.P.,
a Delaware partnership, Appellant,

v.

James NEUWIRTH, d/b/a/
ABC Nursery, Appellee.

NORTHWEST PIPE FITTINGS,
INC., Appellant,

v.

James NEUWIRTH, d/b/a/
ABC Nursery, Appellee.

Nos. 91-2921, 91-2925.

United States Court of Appeals,
Eighth Circuit.

Submitted June 10, 1992.

Decided Aug. 25, 1992.

---

Douglas L. Curry, Lincoln, Neb., argued (David C. Mussman and Thomas J. Culhane, Omaha, Neb., on the brief), for appellee.

Before BOWMAN and LOKEN, Circuit Judges, and LARSON,* Senior District Judge.

LARSON, Senior District Judge.

Appellants, SDI Operating Partnership, L.P., and Northwest Pipe Fittings, Inc., challenge a ruling of the district court,[1] modifying a previous order of the magistrate judge regarding discovery matters, and allowing certain expert testimony as to the cause and origin of a fire which destroyed appellants' property. We affirm the judgment of the district court.

I.

On October 30, 1988, a fire destroyed the ABC Nursery ("ABC"), owned by appellee, and caused considerable damage to adjacent buildings, owned by appellants. Appellants alleged that the cause of the damage to their buildings was the negligent design and maintenance of the electrical system inside the ABC building. ABC denied negligence and affirmatively alleged that the cause of the fire was an electrical service line located above the roof outside the building. The principal issue at trial was the origin and cause of the fire.

Shortly after the fire, the site was investigated by representatives of the fire marshal's office, who gathered certain physical evidence, including portions of the internal electrical wiring. Subsequently, investigator Boh, retained by ABC's insurance carrier, also conducted an on-site investigation. After the fire marshal had determined that the fire was not of suspicious origin, that office relinquished to Boh the physical evidence it had obtained during its investigation. In return, Boh agreed to provide a copy of his final report to the fire marshal.

Robert Paul Chaloupka, Scottsbluff, Neb., argued (Robert A. Winner, on the brief), for appellants.

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The HONORABLE WILLIAM G. CAMBRIDGE, United States District Judge for the District of Nebraska.

In November of 1989, Boh notified the insurance company that he intended to dispose of the evidence in thirty days if he received no further correspondence from it. Boh testified at his deposition that he had no copy of this letter, and testified that he received no response to the letter. The evidence was not destroyed within thirty days, but was destroyed in September of 1990, when Boh's office moved locations. Boh testified that he believed that the matter had been settled and would not go to court. Boh, himself, apparently did not discover that the evidence had been destroyed until February 1991, when arrangements had been made for the appellants' experts to receive the items for inspection.

An additional examination of the electrical wiring was conducted at Boh's request, by Foley, an electrical engineer. The purpose of the examination was to determine whether the wire was energized at the time of the fire. Foley's examination included photographing and microscopically examining the wire, and Foley was listed as a defense expert witness. Boh and Foley opined that the internal wires were not energized at the time of the fire and, thus, could not have been the heat source for the fire. Rather, both opined that the fire started from the overhead service line, which was in an energized state.

Neither appellants nor their experts ever examined either the internal wiring or the electrical service line. The fire marshal testified as to his examination of the physical evidence, and expressed the opinion that the internal wires were energized and did cause the fire. Appellants' experts' testimony at trial was based upon their examination of Boh's photographs.

The magistrate judge determined that the appellants were placed at a severe disadvantage because the destruction of the evidence precluded the opportunity for examination of the wires by appellants' expert witnesses. He concluded that appellants would likely be prejudiced because, "if the defendant's experts are permitted to testify, it is highly foreseeable that the defendant's experts' opinions will be given more weight than the plaintiff's [sic] expert

opinions, simply because the defendant's experts have undertaken a much more thorough examination." Order of Magistrate Judge, May 2, 1991, at 4. In addition, he stated that there was no indication that the destruction of the items had been wilfully carried out in order to thwart appellants' efforts to prove their case. The magistrate judge granted appellants' motion for sanctions and, in an effort to "level the playing field," imposed the following sanctions: 1) striking Boh and Foley from ABC's expert witness list, thereby precluding their testimony at trial; and 2) ordering that ABC be prohibited from using at trial any evidence, opinion, or inference arising from the physical examination by ABC's experts of the evidence which was destroyed.

The district court found that appellants' arguments focused upon their inability to conduct a microscopic examination of the physical evidence. Therefore, the court modified the magistrate judge's order to allow Boh to testify only to information contained in Boh's report prepared on November 14, 1988, three months before the microscopic analysis completed by Foley, and that such testimony could not relate to the microscopic examination. In addition, the court modified the previous order to allow the use of evidence, opinion, or inference arising from the physical examination of the evidence, but not arising from the microscopic examination of the destroyed evidence. The court affirmed the portion of the order striking Foley from ABC's expert witness list.

In a court trial, the court determined that appellants failed to meet their burden of proof because they failed to prove that ABC's negligence was a proximate cause of the fire. The court entered judgment in favor of ABC.

## II.

On appeal, appellants contend that the court erred in admitting the expert testimony offered by ABC, based upon Boh's examination of the electrical wires which were later destroyed. Appellants also urge this court, upon remand, to order that the

district court enforce a presumption that the lost evidence would have been favorable to appellants.

■ Our review of questions concerning discovery matters is very deferential. The trial court is afforded great latitude in such matters, and this court will not generally interfere with the trial court's ruling. *See Hazen v. Pasley,* 768 F.2d 226, 229 (8th Cir.1985); *Laclede Gas Co. v. G.W. Warnecke Corp.,* 604 F.2d 561 (8th Cir.1979). In *Wilson v. Beloit Corp.,* 921 F.2d 765, 768 (8th Cir.1990), this court clearly stated the standard of review. "Our review of a trial court's determination concerning discovery matters is 'very narrow.' We will not reverse such a determination absent a 'gross abuse of discretion resulting in fundamental unfairness in the trial of the case.'" *Id.* at 768–769 (quoting *Voegeli v. Lewis,* 568 F.2d 89, 96 (8th Cir.1977)) (citations omitted).

■ In the present case, the court's decision was clearly within its discretionary power. We cannot say that there was a gross abuse of discretion, or point to any fundamental unfairness which resulted. The fact that we may have decided the factual issue otherwise does not establish abuse of discretion. The district court did consider all of the evidence and did limit the expert testimony in an appropriate manner, specifically citing J. Gorelick, Stephen Marzen & Lawrence Solum, *Destruction of Evidence* 3.16 (1989), for the proposition that the least onerous sanction should be selected, depending upon the willfulness of the destructive act and prejudice suffered by the victim.

The creation of a presumption favorable to the innocent party is one of the remedies which is clearly within the court's stable of options when considering the imposition of discovery sanctions. However, this court has previously indicated in considering a party's failure to produce evidence that, as a general rule, such a presumption may arise where the destruction of evidence was intentional, fraudulent, or done with a desire to conceal and, thus, frustrate the search for the truth. *Lewy v. Remington Arms,* 836 F.2d 1104, 1112 (8th Cir.1988)

(citing *Gumbs v. International Harvester, Inc.,* 718 F.2d 88, 96 (3d Cir.1983); 29 Am. Jur.2d *Evidence* 177 (1967)).

The magistrates judge's decision explicitly indicated the lack of bad faith in the present case. Therefore, we determine that the district court's refusal to create a presumption in favor of appellants in this instance was reasonable, and the court did not err in its ruling.

## III.

For the foregoing reasons, the judgment of the district court is affirmed.