980 F.2d 539
 37 Fed. R. Evid. Serv. 84
 James BOONE, also known as Eddie Boone, Appellant,
v.
Dick D. MOORE, Director of Corrections Department; Ernest
L. Cowles, Ph. D., Division Director, Appellees,
John Doe, Defendant,
Dorothy Yount; Nicki Cole Nicks; Suzanne Donaldson;
Sheila Kaye Morrison, all in their ind. capacities
and in their official capacities as
employees for the State of MO,
Appellees.
 No. 92-1176.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 15, 1992.
Decided Dec. 2, 1992.
 
 Susan Nell Rowe, St. Louis, Mo., argued, for appellant.
 Christine A. Alsop, Asst. Atty. Gen., Jefferson City, Mo., argued, for appellees.
 Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and LOKEN, Circuit Judge.
 BRIGHT, Senior Circuit Judge.
 
 
 1
 James Ray Boone brought this § 1983 action, alleging he was deprived of medical treatment while incarcerated at the Missouri Training Center for Men (MTCM). A jury returned a verdict in favor of the defendants. Boone appeals, asserting the trial court erred in admitting the testimony of an expert witness. We affirm.
 
 I.
 
 2
 Boone was incarcerated at MTCM between September 1985 and April 1986. He was first placed in protective custody, then general population, and finally a special management unit. Defendant Nicki Cole Nicks was Boone's caseworker while he was in general population.
 
 
 3
 During the six months he was at MTCM, Boone sought and received medical treatment on numerous occasions. Boone was seen and/or provided medication from defendant Sheila Morrison, an evening shift medical assistant, defendant Suzanne Donaldson, an evening shift nurse, and defendant Dorothy Yount, the Health Care Supervisor, who worked during the day. During the times relevant to this action, defendant Ernest Cowles, Ph.D., was the Director of the Classification and Treatment division and handled the medical grievance appeals from MTCM. Defendant Moore was the Director of the Missouri Department of Corrections.
 
 
 4
 Boone stayed at MTCM for six months, after which he was transferred to the federal prison at Terre Haute, Indiana, where he was treated by Dr. Jordan Burkey, an ear, throat and nose specialist. As part of his treatment, Dr. Burkey referred Boone to Steven Angell, an audiologist, who tested his hearing. Mr. Angell prepared a report, indicating Boone was feigning much of his hearing loss. Although Dr. Burkey believed that much of Boone's problem derived from his sinus area, he did ultimately perform surgery on his nose, sinus and ear areas.
 
 
 5
 Boone brought suit against defendants Moore, Yount, Cowles, Nicks, Donaldson and Morrison (the defendants), alleging they violated his eighth amendment right of prohibition against cruel and unusual punishment. He asserts that during his six-month stay at MTCM, he notified the defendants on numerous occasions of bleeding and pain in his right ear and that they repeatedly refused his requests for treatment. He claims he subsequently filed several grievances with defendants Moore and Cowles, all of which were either denied or ignored.
 
 
 6
 The case was tried before a jury, which, on December 12, 1991, returned a verdict for the defendants. Boone files this appeal.
 
 II.
 
 7
 Boone first argues the district court erred in allowing Dr. Burkey to testify because the defendants failed to properly identify him in response to one of Boone's interrogatories.
 
 
 8
 Early on in this litigation and in accordance with Fed.R.Civ.P. 26(b)(4)(A)(i), Boone sent the defendants the following interrogatory:
 
 
 9
 State the name, address, telephone number, and occupation of each person whom you expect to call as an expert witness at the trial of this cause and state the general nature of the subject matter on which each expert is expected to testify.
 
 
 10
 App. at 71. On October 30, 1989, Moore and Cowles responded, stating:
 
 
 11
 At the present time the defendants have not decided whether they will call an expert witness to testify in the matter. The specific information sought in this interrogatory will be provided to the plaintiff if, and when, the defendants decide which expert witnesses they will call.
 
 
 12
 App. at 71.
 
 
 13
 Although the defendants never supplemented their response to Boone's interrogatory, defendants' counsel did tell Boone's counsel at a deposition of Boone's expert three weeks before trial that he intended to call Dr. Burkey as both a fact and expert witness. At the pretrial hearing, ten days before trial, the defendants submitted their witness list, which included Dr. Burkey's name. Boone filed a motion in limine to exclude Dr. Burkey's testimony on the grounds his disclosure was untimely. The motion was denied.[1]
 
 
 14
 Boone argues that as a result of the defendants' failure to properly identify Dr. Burkey, he had insufficient time to properly prepare for his testimony. He contends the district court, under Local Rule 33 of the United States District Court for the Eastern District of Missouri, had no discretion to admit Dr. Burkey's testimony; that the defendants' failure to comply with the rule barred Dr. Burkey's expert testimony.[2]
 
 
 15
 The defendants argue the district court properly admitted the testimony. They contend even if the district court did err in allowing the testimony, the error was harmless because the jury could have inferred Dr. Burkey's expert testimony from his fact witness testimony and the other evidence supporting the jury's verdict. They assert that, in any event, Boone fails to explain how he was prejudiced by notice of the testimony three weeks before trial.
 
 
 16
 We will not disturb the district court's decision to allow Dr. Burkey to give expert testimony unless there is present a gross abuse of discretion, which resulted in fundamental unfairness at the trial. Wilson v. Beloit Corp., 921 F.2d 765, 768-69 (8th Cir.1990).
 
 
 17
 In Patterson v. F.W. Woolworth Co., 786 F.2d 874, 879 (8th Cir.1986), we stated the factors courts should consider in determining "whether to exclude the testimony of a witness not made known in a manner complying with a pretrial order...." Those factors are: (1) the reason the party fails to name the witness; (2) the importance of the testimony; (3) the amount of time the opposing party needs to properly prepare for the testimony; and (4) whether a continuance would in some way be useful. Id. (applying Murphy v. Magnolia Electric Power Ass'n, 639 F.2d 232, 235 (5th Cir.1981)).
 
 
 18
 The defendants refer us to Patterson, but fail to tell us any reason for waiting as long as they did in identifying Dr. Burkey as an expert witness. For lack of information, we assume it was due to either oversight or simply neglect on their part.
 
 
 19
 We thus turn to the "importance" of Dr. Burkey's testimony. If the testimony is "important" to the party against whom the exclusion is sought, then its "importance" weighs in favor of its inclusion. Patterson, 786 F.2d at 879; Murphy, 639 F.2d at 235. In the instant case, there is no doubt Dr. Burkey's testimony "struck at the heart" of Boone's case. The testimony went to show that it was highly unlikely Boone's treatment at MTCM caused or had any significant effect on Boone's ear condition.
 
 
 20
 We cannot say here that the district court's decision to allow Dr. Burkey to testify amounted to an abuse of discretion, resulting in a fundamental unfairness to Boone at trial. Wilson, 921 F.2d at 768-69.
 
 III.
 
 21
 Boone argues the district court erred in admitting defendants' Exhibit C4, the audiologist's report prepared by Steven Angell, because it was hearsay. Angell did not testify at the trial. Boone asserts he was prejudiced because: (1) Mr. Angell states in the report he believed Boone was exaggerating his loss of hearing, and (2) the jury could have interpreted the report as substantive evidence that Boone was untruthful.
 
 
 22
 During the course of treating Boone, Dr. Burkey referred him to Steven Angell, an audiologist, who tested Boone for hearing loss. The Angell report stated that although Boone had suffered some hearing loss, it was impossible to determine how much because he had given inconsistent answers, indicating that Boone exaggerated the extent of his hearing loss.
 
 
 23
 Under Fed.R.Evid. 703, expert witnesses may use otherwise inadmissible evidence in their testimony as long as the expert properly relied on the information in forming an opinion. See Wilson v. Merrell Dow Pharmaceuticals, Inc., 893 F.2d 1149, 1153 (10th Cir.1990). In this instance, the evidence is not offered, nor admissible, for the fact of the matter therein asserted, but simply to indicate the information and material relied upon by the expert. Unless the particular evidence is otherwise admissible under the Rules of Evidence, it may not come in as substantive evidence.
 
 
 24
 Thus, because Mr. Angell did not testify and his report was not admissible other than to indicate the information on which Dr. Burkey relied, the report itself was inadmissible hearsay under Fed.R.Evid. 801 and the district court erred in allowing it to come in as substantive evidence.
 
 
 25
 In our opinion, however, the error here was harmless. Dr. Burkey properly testified, under Fed.R.Evid. 703, to the materials on which he based his opinions. One of the sources he relied upon was the audiologist's hearsay report. In fact, without objection, he read the report in open court. Here, it cannot be argued, nor is it, that Dr. Burkey improperly relied on the report. Thus, the error was harmless because the very information Boone contends was prejudicial had been read to the jury in open court, without objection. Thus, the report amounted to cumulative evidence on a matter already before the jury. No prejudice is shown by the trial court's ruling, even though the report should have been excluded.[3]
 
 
 26
 AFFIRMED.
 
 
 
 [1]
 Boone renewed his objection to the testimony at trial
 
 
 [2]
 Boone also argues that in 1990 he tried to locate Dr. Burkey, but that his efforts were stymied by federal authorities. He claims the government unfairly aided the defendants, but not him. Although this may very well be true, it has no bearing here
 
 
 [3]
 Boone also argues the trial court erred in entering judgment for the defendants because the jury's verdict was not supported by substantial evidence. Boone did not preserve this issue for appeal because he failed to move for a new trial or for a directed verdict followed by a motion for judgment n.o.v. Fed.R.Civ.P. 50(b) and 59