———————

No. 95-3267

———————

Kendell Spruce,                          *
                                         *
          Appellant,                     *
                                         *
     v.                                  *
                                         *
Major H.D. Rhodes, Maximum               *
Security Unit, Arkansas                  *    Appeal from the United States
Department of Correction; Sgt.           *    District Court for the
Casey, Maximum Security Unit,            *    Eastern District of Arkansas
Arkansas Department of                   *
Correction; Warden Evans,                *    [UNPUBLISHED]
Maximum Security Unit, Arkansas          *
Department of Correction; Sgt.           *
Pittman; Sgt. Gates,                     *
                                         *
          Appellees.                     *


                               ———————

          Submitted:  May 7, 1996

             Filed:  August 8, 1996
                               ———————

Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.
                               ———————

PER CURIAM.


     Kendell Spruce appeals from the final judgment of the District Court[1]
for the Eastern District of Arkansas granting judgment upon a jury verdict
for defendant prison officials in this 42 U.S.C. § 1983 action.  For the
reasons discussed below, we affirm.


     Spruce brought this action claiming prison officials violated his
First, Eighth, and Fourteenth Amendment rights when defendants


———————————————————

     [1]The Honorable Elsijane Trimble Roy, United States District
Judge for the Eastern District of Arkansas.

refused to allow him to complete his statement at a classification committee hearing, grabbed him roughly while they handcuffed and escorted him out of the hearing room, and, based on Spruce's behavior at the hearing, gave him a false disciplinary for refusing an order and making a threat. He sought damages and injunctive relief.

After a one-day jury trial, the jury returned a verdict for defendants, and the district court entered judgment accordingly. On appeal, Spruce argues there was sufficient evidence to find in his favor on all claims.

We review a challenge to the sufficiency of the evidence supporting a jury verdict by examining the evidence in the light most favorable to the prevailing party, giving that party the benefit of all reasonable inferences that may be drawn from the evidence. See Herndon v. Armontrout, 986 F.2d 1237, 1240 (8th Cir. 1993). It is the jury's duty to resolve conflicts in testimony. Id. Because Spruce did not move for a judgment as a matter of law, or a motion for a new trial, we can review the claim of insufficient evidence only for plain error. Id.; Boone v. Moore, 980 F.2d 539, 542 n.3 (8th Cir. 1992).

Upon our careful review of the record, including the trial transcript, we conclude there was sufficient evidence to support the jury's verdicts in favor of all four defendants.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

    CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.