94 F.3d 649
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Kendell SPRUCE, Appellant,
v.
Major H.D. RHODES, Maximum Security Unit, Arkansas
Department of Correction; Sgt. Casey, Maximum Security
Unit, Arkansas Department of Correction; Warden Evans,
Maximum Security Unit, Arkansas Department of Correction;
Sgt. Pittman; Sgt. Gates, Appellees.
 No. 95-3267.
 United States Court of Appeals, Eighth Circuit.
 Submitted May 7, 1996.
Decided Aug. 8, 1996.
 
 Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kendell Spruce appeals from the final judgment of the District Court[1] for the Eastern District of Arkansas granting judgment upon a jury verdict for defendant prison officials in this 42 U.S.C. § 1983 action. For the reasons discussed below, we affirm.
 
 
 2
 Spruce brought this action claiming prison officials violated his First, Eighth, and Fourteenth Amendment rights when defendants refused to allow him to complete his statement at a classification committee hearing, grabbed him roughly while they handcuffed and escorted him out of the hearing room, and, based on Spruce's behavior at the hearing, gave him a false disciplinary for refusing an order and making a threat. He sought damages and injunctive relief.
 
 
 3
 After a one-day jury trial, the jury returned a verdict for defendants, and the district court entered judgment accordingly. On appeal, Spruce argues there was sufficient evidence to find in his favor on all claims.
 
 
 4
 We review a challenge to the sufficiency of the evidence supporting a jury verdict by examining the evidence in the light most favorable to the prevailing party, giving that party the benefit of all reasonable inferences that may be drawn from the evidence. See Herndon v. Armontrout, 986 F.2d 1237, 1240 (8th Cir.1993). It is the jury's duty to resolve conflicts in testimony. Id. Because Spruce did not move for a judgment as a matter of law, or a motion for a new trial, we can review the claim of insufficient evidence only for plain error. Id.; Boone v. Moore, 980 F.2d 539, 542 n. 3 (8th Cir.1992).
 
 
 5
 Upon our careful review of the record, including the trial transcript, we conclude there was sufficient evidence to support the jury's verdicts in favor of all four defendants.
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Elsijane Trimble Roy, United States District Judge for the Eastern District of Arkansas