**United States Court of App.eals**
**FOR THE EIGHTH CIRCUIT**
No. 97-1080

Mamie Mullins,                    *
                                  *
         Appellant,               *
                                  *
    v.                            *
                                  *
Helena Hospital Association, doing                    *
business as Helena Regional Medical                   *
     Appeal from the United States
Center; Steve Reeder, Administrator,                  *
     District Court for the
as Agent on behalf of HRMC; Gerald                    *
     Eastern District of Arkansas
Hicks, Director of Personnel, as                      *
Agent on behalf of HRMC; Ron   *        [UNPUBLISHED]
Vinson, Administrator of the   *
Radiologist Department, as Agent on                   *
behalf of HRMC and other Agents on                    *
behalf of HRMC,                *
                               *
         Appellees.            *

_____

                    Submitted:    December 15, 1997

                              Filed:    February 11, 1998

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Mamie Mullins appeals pro se from the final judgment entered in the United States District Court[1] for the Eastern District of Arkansas upon a jury verdict in favor of her employer, Helena Hospital Association (Hospital), and several supervisory employees. Mullins brought her action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, and 42 U.S.C. § 1981, alleging race discrimination in the terms of her employment and discriminatory discharge. Mullins filed a timely notice of appeal, Fed. R. App. P. 4(a)(1), and we have jurisdiction under 28 U.S.C. § 1291. For reversal, Mullins argues the jury was required to return a verdict against the Hospital for discriminatory discharge because Hospital employees offered contradictory testimony as to who decided to terminate Mullins, the basis for the decision, and her exact termination date; she also claims the district court erroneously admitted into evidence a co-worker's letter. For the reasons discussed below, we affirm the judgment of the district court.

Mullins, who is African-American, was an X-ray technician at the Hospital. Mullins complained to her supervisor, defendant Ron Vinson, and the human resources director, defendant Gerald Hicks, about her employment conditions, including unequal pay and other treatment she considered racially discriminatory. Dissatisfied with the response she received, in 1995 Mullins filed a written grievance with the Hospital administrator, defendant Steven Reeder. To the grievance, Mullins attached a page from the personnel record of each of

---

[1]The Honorable Elsijane Trimble Roy, United States District Judge for the Eastern District of Arkansas.

three white employees; each page included the employee's Social Security number and salary history.

After receiving Mullins's written grievance, Reeder asked Hicks to investigate why Mullins possessed the employee personnel records. Hicks contacted Vinson, who discovered that copies of the personnel records were missing from his files. Mullins told Hicks that co-worker Susan Winston had given her the personnel records. In a

subsequent meeting, Vinson told Mullins he had talked with Winston and she denied giving the personnel records to Mullins, whereupon Mullins left the hospital, stating she needed a lawyer.

Mullins was suspended the next day, and Vinson and Hicks subsequently recommended that Mullins be terminated based on her possession of the personnel records, together with "other problems" she had during her employment. Reeder decided to discharge Mullins. Mullins's termination notice and final evaluation form states she was discharged for taking  personnel records from the manager's office without permission.

Susan Winston did not testify at trial. Before trial, the district court denied Mullins's motion in limine to exclude a  letter written by Winston, without prejudice to Mullins renewing her objection at trial. During trial, Hicks testified without objection that the letter stated "I, Susan Scott Winston, did not give Mamie Mullins any personnel files or copies of any files. I had no personal involvement with Mamie during my two years of employment at [the Hospital]." Hicks added that the letter was "used as part of the investigation" he conducted, and that based on this letter and other evidence he recommended Mullins be terminated. Defendants offered the letter into evidence, and Mullins's counsel objected on the basis of hearsay and prejudice, noting the letter indicated it was faxed three days after Mullins's termination notice date. Based on Hicks's testimony, the district court admitted the letter, ruling that Mullins could argue to the jury that the Hospital did not actually rely on it in terminating Mullins.

This court will reverse the jury's verdict only if all of the evidence viewed in the light most favorable to the Hospital "points one way and is susceptible of no reasonable inferences sustaining" the Hospital's position. See Stanton v. Arkansas Valley Elec. Coop. Corp., 49 F.3d 1317, 1319 (8th Cir. 1995) (quoted cases and internal quotations omitted). Applying this deferential standard, we find the evidence sufficiently

supported the jury's verdict. The Hospital presented evidence--including witness testimony and Mullins's termination notice--that the Hospital terminated Mullins for taking personnel records. Any minor evidentiary discrepancies Mullins identifies did not require the jury to find her discharge was racially motivated. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981) ("ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff").

We hold the district court did not abuse its discretion in admitting the Winston letter. See Wolff v. Brown, 128 F.3d 682, 685 (8th Cir.1997) (standard of review). In an employment discrimination case, internal documents upon which the employer relies for an employment decision are not hearsay--statements offered to prove the truth of the matters asserted-- but are relevant and admissible because they may help explain the employer's actions. See id.; see also Fed. R. Evid. 801(c). Hicks explained the Hospital's decision-making process and testified unequivocally that he relied upon the Winston letter in recommending Mullins's termination. Furthermore, even if we assume the letter was erroneously admitted, Hicks read it to the jury without objection before it was offered into evidence, and therefore its admission would not support reversal. Cf. Boone v. Moore, 980 F.2d 539, 542 (8th Cir.1992) (where at trial expert read audiologist's report to the jury in open court without objection, report itself was cumulative evidence, and error in its admission as substantive evidence over hearsay objection was harmless).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.