# IN THE COURT OF APPEALS OF IOWA

No. 24-0221
Filed April 9, 2025

**ERIC PETERSON, ANNETTE L. PETERSON and MICHAEL PETERSON,**
Plaintiffs-Appellants,

**vs.**

**MICHAEL OLIVER,**
Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Coleman McAllister, Judge.

The plaintiffs appeal the district court's decisions to exclude their expert witness from testifying and to deny their motion for new trial based on the exclusion of the expert. **AFFIRMED.**

Marc S. Harding and Christian J. Crocker of Harding Law Office, Des Moines, for appellant.

Kent A. Gummert and Alexandra C. Galbraith of Lederer Weston Craig PLC, West Des Moines, for appellee.

Considered without oral argument by Tabor, C.J., and Ahlers and Sandy, JJ.

**AHLERS, Judge.**

Eric, Annette, and Michael Peterson hired attorney Michael Oliver to seek recovery of damages for injuries Eric sustained in a motor vehicle accident in 2016 when Eric was a minor. Oliver obtained a settlement for the Petersons from the other driver, exhausting the policy limits of the other driver's insurance. The Petersons then asked Oliver to file a lawsuit against the Petersons' underinsured motorist (UIM) insurance carrier. Oliver miscalculated the applicable statute of limitations, resulting in the Petersons' claims against their UIM carrier being time-barred. The Petersons then hired other attorneys and sued Oliver for legal malpractice.[1]

Because plaintiffs in a legal malpractice action must prove they would have been successful in the underlying lawsuit absent their lawyer's negligence, a legal malpractice action is often referred to as a "case within a case." *Quad City Bank & Tr. v. Elderkin & Pirnie, P.L.C.*, 870 N.W.2d 249, 253 (Iowa Ct. App. 2015) (citation omitted). To try to prove the damages they could have recovered against their UIM carrier but for Oliver's claimed negligence, the Petersons sought to call an expert witness—an occupational health physician (Dr. Bansal)—to testify about the extent and permanency of Eric's injuries.

Oliver moved to exclude the testimony of the Petersons' expert because the expert had not been disclosed and to exclude the expert's report as hearsay. The district court granted Oliver's motion. The case proceeded to a jury trial. Although

---

[1] The Petersons originally sued Oliver, his law partner, and his law firm. The Petersons dismissed their claims against the law partner before trial and against the law firm during trial. So, the only remaining defendant in this suit is Oliver.

the jury returned a verdict in the Petersons' favor, the amount of damages the jury awarded did not exceed various offsets to the award, which reduced the Petersons' judgment to zero. The Petersons filed a motion for new trial based on the district court's exclusion of their expert's testimony. The district court denied the motion, and the Petersons appeal. The only issue on appeal is whether the district court abused its discretion in excluding the expert's testimony and failing to grant a new trial based on that claimed error.

We review district court decisions excluding expert testimony for an abuse of discretion. *Haskenhoff v. Homeland Energy Sols., LLC*, 897 N.W.2d 553, 570 (Iowa 2017). We reverse based on such decisions only when the district court exercised its discretion on grounds or for reasons that are clearly untenable or clearly unreasonable. *Id.*

The issue on appeal stems from the Petersons' failure to disclose Dr. Bansal as an expert. Iowa Rule of Civil Procedure 1.500(2)(a) required the Petersons to disclose the identity of all expert witnesses. And, because there was no scheduling order setting a different deadline, rule 1.500(2)(d) required the expert disclosure to be made no later than ninety days before trial.

There is no question the Petersons failed to meet these disclosure obligations. Trial was originally scheduled to begin May 8, 2023. The Petersons waited until April 7 to file their expert designation, and even that late-filed designation did not include Dr. Bansal. Oliver moved to strike the late-disclosed experts, and the district court granted that motion. Around the same time, at the Petersons' request, the district court continued the trial to November 13. Exactly one week before trial, the Petersons filed a witness list that for the first time

disclosed their intention to call Dr. Bansal as a witness, but even that filing did not identify Dr. Bansal as an expert. Oliver moved in limine to exclude Dr. Bansal's testimony due to the Petersons' failure to disclose him as an expert. The district court granted the motion and excluded Dr. Bansal's testimony.

As the Petersons failed to meet the expert-disclosure requirements, Iowa Rule of Civil Procedure 1.517(3)(a) prohibited them from calling Dr. Bansal as a witness "unless the failure was substantially justified or is harmless." The Petersons contend their failure to disclose was harmless for two reasons.[2] First, they point out that Dr. Bansal became involved in the Petersons case in the first place because, while Oliver was representing the Petersons in their underlying personal-injury cases, Oliver hired Dr. Bansal to examine Eric and give opinions about permanent injuries. Dr. Bansal performed the examination, prepared a report, and provided the report to Oliver. The Petersons intended to call Dr. Bansal to express the same opinions contained in that report and to admit the report as a trial exhibit. Second, the very same report Dr. Bansal provided to Oliver was disclosed as an exhibit before both the May and November trial dates. Based on these two reasons, the Petersons contend any failure to disclose Dr. Bansal as an expert was harmless.

---

[2] The Petersons also make a passing argument claiming their failure to disclose was "substantially justified," but like the district court, we conclude the Petersons have offered no excuse that rises anywhere near the level of substantial justification. Instead, their argument really focuses on their claim that the failure to disclose was harmless. To the extent the Petersons are making a substantial-justification argument, we reject it and confine any further analysis to their argument that their failure to disclose their expert was harmless.

The Petersons made these same arguments to the district court in their motion for new trial. The district court rejected these arguments with this reasoning:

> The court concludes that [the Petersons'] arguments missed the mark. The harm that the court sought to prevent in excluding [the Petersons'] late disclosed expert witness was [Oliver's] inability to counter Dr. Bansal's expert testimony with an expert of [his] own. Given the fact that the disclosure was made only one week before trial, [Oliver] correctly pointed out that there was not time to hire [his] own expert witness. Admission of Dr. Bansal's testimony would not have been harmless to [Oliver]. In sum, the court concludes that it properly excluded Dr. Bansal as a trial witness and therefore no factual or legal grounds exist that warrant the grant of a new trial.

We find this reasoning sound, and we find nothing to be gained by restating it in different words. There is nothing clearly untenable or unreasonable about the court's reasoning or conclusion, and therefore we find no abuse of discretion in the district court's decision to exclude the expert.[3] As there was no abuse of discretion

---

[3] In reaching this conclusion, we are not persuaded by the cases relied upon by the Petersons. Two cases relied upon by the Petersons involved the trial court being found not to have abused its discretion in admitting expert testimony despite discovery violations. *Boone v. Moore*, 980 F.2d 539, 542 (8th Cir. 1992); *Patterson v. F.W. Woolworth Co.*, 786 F.2d 874, 879 (8th Cir. 1986). The fact that these cases found no abuse of discretion in admitting the expert testimony despite discovery violations does not compel a conclusion that exclusion of such testimony—like we have here—equates to an abuse of discretion. These cases merely illustrate how discretion works.

Another case relied upon by the Petersons involved the trial court being found to have abused its discretion in not permitting the plaintiffs to call a late-disclosed expert in rebuttal after the defense called its own expert when the defense was aware of the plaintiffs' expert's identity due to involvement in a parallel state court lawsuit. *Murphy v. Magnolia Elec. Power Ass'n*, 639 F.2d 232, 235 (5th Cir. 1981). This case may have some persuasive value if Oliver had called his own expert here that would have contradicted Dr. Bansal's proposed testimony. But since Oliver called no such expert, *Murphy* sheds little to no light on the issue here.

The other cases relied upon by the Petersons are either extremely old or not on point. *Plano Mfg. Co. v. Griffith* was decided nearly 137 years ago and has nothing to do with discovery or designation of experts. 39 N.W. 214, 215 (Iowa

in excluding the expert's testimony, there was no abuse of discretion in denying the Petersons' motion for new trial based on exclusion of the expert.  *See Fly v. Blauvelt*, 818 N.W.2d 123, 128 (Iowa 2012) (holding that the standard of review for denying a motion for a new trial on a discretionary ground is for an abuse of discretion).

**AFFIRMED.**

---

1888).  Similarly, the opinion in *Weeks v. State* relied upon by the Petersons is a dissent addressing the issue of notice of intent to impeach a witness with a prior conviction.  804 So. 2d 980, 999–1000 (Miss. 2001) (Banks, J., dissenting).  It has nothing to do with expert designations or discovery rules.