**Maxine L. DERBY, Appellant,**

v.

**GODFATHER'S PIZZA, INC., Appellee.**

No. 94–1435.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 18, 1994.

Decided Jan. 25, 1995.

Thomas M. Parliman, Sioux Falls, SD, for appellant.

Kathryn J. Hoskins, Sioux Falls, SD, for appellee.

Before MAGILL and LOKEN, Circuit Judges, and BOGUE,[*] Senior District Judge.

PER CURIAM.

Maxine Derby appeals the district court's [1] refusal to give several proposed jury instructions and the exclusion of an architect's expert witness testimony in this diversity slip-and-fall case. We affirm.

## I. BACKGROUND

On May 16, 1991, Derby went to the Godfather's Pizza Restaurant in Sioux Falls, South Dakota, with her family to celebrate her daughter's birthday. At this time, Derby was sixty-eight years old.

Godfather's is a self-service restaurant that features an all-you-can-eat buffet for its noon lunch crowd. The buffet area is set apart from the two dining areas of the res-taurant by one or two steps. On a return trip to the buffet, Derby slipped on the lower step, fell onto the tile floor in front of the buffet, and fractured her hip and shoulder. Derby's injuries required extensive medical treatment.

Derby filed suit against Godfather's in district court based upon diversity jurisdiction, alleging negligence. In a scheduling order, the district court set July 1, 1993, as the deadline for completion of discovery. On December 30, 1993, two weeks prior to trial, Godfather's received a letter from Derby advising that she intended to call an architect as an expert witness. The district court excluded the testimony of this expert, finding Godfather's would be prejudiced due to Derby's failure to comply with the discovery deadline. The action was tried before a jury which returned a general verdict for Godfather's and judgment was entered in favor of Godfather's on January 18, 1994.

Derby appeals, alleging the district court erred by refusing to give jury instructions eliminating the notice requirement for dangerous conditions and erred by excluding an architect's expert testimony.

## II. DISCUSSION

### A. Jury Instructions

Derby argues that the district court erred by refusing to include her proposed Jury Instructions 4, 5, 6 and 9 in its charge to the jury. These instructions impute notice of dangerous conditions in the serving and dining areas to Godfather's, impose a higher duty of care due to the self-service nature of the restaurant, and instruct that deviation from Godfather's safety policy is evidence of negligence. Derby also argues that the district court erred by giving Instruction 15 to the jury. Instruction 15 requires Godfather's to have actual or constructive knowledge of the presence of any dangerous condition before it can be found liable for Derby's injuries.

---

[*] The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

■ Our review is limited to determining whether the district court correctly stated the applicable South Dakota law. *Bersett v. K–Mart Corp.*, 869 F.2d 1131, 1135 (8th Cir. 1989). We review the district court's interpretation of state law de novo, giving its decision no deference. *Slaughter v. American Casualty Co.*, 37 F.3d 385, 387 (8th Cir. 1994) (citing *Salve Regina College v. Russell*, 499 U.S. 225, 231, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991)).

■ We believe the district court correctly instructed the jury about Godfather's liability to Derby for her slip and fall that was allegedly caused by a foreign substance on the floor. In South Dakota, a possessor of land owes a "business visitor the duty of exercising reasonable or ordinary care for the benefit of [her] safety, and the possessor is liable for the breach of such duty." *Mitchell v. Ankney*, 396 N.W.2d 312, 313 (S.D.1986) (citations omitted). To hold a business liable for a hazardous condition, such as a substance found on the floor, South Dakota follows the Restatement (Second) of Torts § 343 (1965). *Id.* Section 343 provides that a business is liable for injuries caused to patrons by a condition on the land if it:

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343. Derby asserts that the district court erred when it determined that South Dakota does not follow *Ciminski v. Finn Corp.*, 13 Wash.App. 815, 537 P.2d 850 (1975). *Ciminski* held that notice of a dangerous condition is imputed to an owner of a self-service business. *Id.* 537 P.2d at 853. We agree with the district court that *Ciminski* is not the law in South Dakota. The district court noted that subsequent to *Ciminski*, South Dakota had several opportunities to adopt the holding of *Ciminski*

but did not. *See Ballard v. Happy Jack's Supper Club*, 425 N.W.2d 385 (S.D.1988) (following § 343 to determine if restaurant was negligent in turning off parking lot lights prior to guests leaving); *Wolf v. Graber*, 303 N.W.2d 364 (S.D.1981) (supermarket could be found liable for accident if jury determined that it could foresee workman directing customers to enter through back door); *Urban v. Wait's Supermarket, Inc.*, 294 N.W.2d 793 (S.D.1980) (following § 343 to determine if supermarket was negligent in placing watermelons in aisle of store). In South Dakota, Derby must prove Godfather's had actual or constructive notice of any substance spilled on the floor. Consequently, Instruction 15 was proper and the district court properly refused to give Derby's proposed Jury Instruction 5.

Additionally, § 343 illustrates that South Dakota does not require a heightened duty of care for owners of self-service businesses. Accordingly, the district correctly refused to give Derby's proposed Jury Instruction 6.

■ The district court properly refused Derby's proposed Jury Instruction 9. Derby essentially argues that if the jury determined that Godfather's had a safety policy to clean up spills, this safety policy replaced the ordinary negligence standard. Derby cites no South Dakota authority in support of this proposition.[2] The district court properly determined that proposed Jury Instruction 9 does not state the law of South Dakota and refused this proposed instruction.

## B. Expert Witness

■ Derby argues that the district court abused its discretion by refusing to allow an architect's expert testimony concerning the allegedly defective design of the Godfather's restaurant. On August 17, 1991, Derby responded to Godfather's interrogatory requesting discovery concerning her expert witnesses by stating that any such witness was "[u]nknown at present." J.A. at 32. The trial court ordered discovery completed by July 1, 1993. Notwithstanding this order,

---

2. Derby correctly argues that evidence of deviation from an industry-wide standard of care or practice can be considered as evidence of negli-

gence. However, Derby is not asserting that Godfather's safety policy is an industry-wide standard of care or practice.

Derby informed Godfather's on December 30, 1993, approximately ten days prior to trial, that she intended to call an expert. Godfather's objected to this testimony in a motion in limine. The district court excluded Derby's proposed expert testimony because Derby's failure to comply with the discovery deadline would prejudice Godfather's and Derby offered no good cause for this failure.

■ We review a trial court's discovery orders very narrowly. *Wilson v. Beloit Corp.*, 921 F.2d 765, 768 (8th Cir.1990) (citation omitted). We uphold the district court's discovery orders unless there was a "gross abuse of discretion resulting in fundamental unfairness in the trial of the case." *Id.* at 768–69 (internal quotations and citations omitted).

We do not believe that the district court abused its discretion by excluding the proposed expert witness's testimony. The Federal Rules of Civil Procedure require parties to "supply and supplement answers to interrogatories regarding the names of expert witnesses they expect to call, and the basis for, and substance of, the expert testimony." *Minnkota Power Co-op, Inc. v. Manitowoc Co.*, 669 F.2d 525, 528–29 (8th Cir.1982) (citing Fed.R.Civ.P. 26). If Derby intended to utilize the expert testimony of the architect, she was required to answer the interrogatories before the discovery deadline. *Id.* We find Derby's argument that the discovery deadline did not include expert testimony because it was not specifically mentioned in the order to be wholly without merit.[3] Derby offers no good cause for her failure to contact the expert until ten days before trial. Under the circumstances, we believe the trial court properly excluded the proposed testimony.

### III. CONCLUSION

For the foregoing reasons, we affirm the decision of the district court.

---

**3.** Furthermore, in the absence of any court order, Fed.R.Civ.P. 26(a)(2)(C) requires disclosure of experts at least 90 days prior to trial. Derby's response ten days before trial missed this deadline as well.