No. 96-1080

Gerald Bunting, Representative    *
of Decedent Tracy Bunting,    *
   *
      Appellant,    *
   *   Appeal from the United States
     v.    *   District Court for the Eastern
   *   District of Missouri.
Sea Ray, Inc.; Mercury Marine,    *
A Division of Brunswick    *
Corporation,    *
   *
      Appellees.    *

Submitted: September 9, 1996

Filed: November 4, 1996

Before FAGG, HEANEY, and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Gerald Bunting appeals the district court's[1] denial of his motion for a new trial after an adverse jury verdict on his products liability and wrongful death action. He also appeals several of the district court's evidentiary rulings. We affirm.

## I. BACKGROUND

On September 9, 1990, Tracy Bunting (Tracy) died of carbon monoxide poisoning while swimming near his parents' boat on Peaceful Valley Lake, Missouri. The boat was a Sea Ray Runabout with a 230 horsepower Mercruiser motor. The rear of the boat had

---

[1]The Honorable William S. Bahn, United States Magistrate Judge for the Eastern District of Missouri, trying the case by consent of the parties under 28 U.S.C. § 636.

a platform, from which swimmers could enter and exit the boat. This device was located above the motor and propeller.

On the night of his death, Tracy and three companions left a wedding reception and went boating on the lake around 3:00 a.m., even though the boat had been experiencing battery trouble. The four friends decided to go swimming, entering the water from the swim platform. Because of the battery problems, Tracy left the boat running, in neutral, while he swam off the rear of the boat. After awhile, two of Tracy's friends returned to the craft while Tracy and his companion continued to swim. After some time, one of Tracy's friends on the boat called out to him, to no avail. After searching for Tracy, the friend finally found Tracy floating face down in the water, dead. Tracy's swimming companion, who also died in the accident, was not located until several days later.

Tracy's father, Gerald Bunting, brought this wrongful death, negligence, design defect products liability, and failure to warn products liability action against the boat manufacturer, Sea Ray, and the motor manufacturer, Mercury Marine. Bunting alleged that the boat and motor were defective in that they allowed too high a concentration of carbon monoxide to gather around the boat and motor. He further contended that the defendants knew of the dangers of carbon monoxide, yet failed to warn the users of those perils.

Before trial, Bunting filed a motion in limine to exclude evidence that Tracy had been drinking alcohol on the night of his death. The court did not rule on the motion, but allowed such evidence to be presented at trial.

At trial, Bunting attempted to introduce various reports and results of experimental tests to show that the defendants knew of the danger of carbon monoxide in and around their boats, but failed to warn the products' users. The court admitted some of this

evidence, but excluded some as well because it was cumulative, not relevant, and the circumstances of the experimental tests were not similar to the actual conditions of the accident.

The jury returned a verdict in favor of the defendants on all claims. Bunting made a motion for a new trial, which the district court denied. Bunting appeals that denial, alleging that: (1) the court made prejudicial comments in the presence of the jury; (2) the court's discovery rulings substantially and unfairly prejudiced Bunting's ability to prepare his case for trial; and (3) the jury verdict was against the weight of the evidence. He also contends that the court committed reversible error in admitting evidence of Tracy's blood alcohol level and in various other evidentiary rulings. We address each argument in turn.

## II. DISCUSSION

### A. Motion for New Trial

#### 1. Prejudicial Comments

Bunting argues that the trial judge made numerous inappropriate comments during the trial, evidencing both disdain for Bunting's counsel and the merits of his case, and that such comments require a new trial. Bunting failed, however, to object to the remarks at the time they were made. Therefore, we review these allegations for plain error. See Rush v. Smith, 56 F.3d 918, 922 (8th Cir. 1995), cert. denied, 116 S. Ct. 409 (1995). We will reverse only when a judge's comments were so pervasive as to affect the outcome of the trial and result in a miscarriage of justice. Id.

A trial judge has the duty to maintain an atmosphere free from prejudicial comment. See, e.g., id. at 921. After careful review of the record, however, including the context in which each of the

challenged statements were made, we feel that the trial judge in this case maintained such an ambiance.  Several of the challenged statements relied upon by Bunting were made at sidebars, outside of the jury's hearing.[2] Others could not fairly be considered biased[3] and still others were likely more damaging to the defense than to Bunting.[4]  Although some of the trial judge's statements may have been unnecessary, on this record, the comments do not rise to the level of plain error.

---

[2]At one side bar conference, counsel and the judge engaged in a discussion regarding whether one of defendants' experts was a surprise witness.  After determining that the witness had been known to plaintiff's lawyer for quite some time, the following conversation took place.

> Court:  Well, it has something to do with your credibility with me.  You look me right in the eyes and tell me lies.
> Counsel:  Well, thanks for telling the jury.
> Court:  You tell me lies right to my face.
> Counsel:  Judge, I did not . . . tell you a lie.
> Court:  Never mind.  Let's get beyond that.  I'm not interested in whether you lie to me or not.  A lot of lawyers lie to me.  That doesn't bother me.

Trial Tr. vol. V at 132.

[3]After what the court perceived as a hostile reaction from plaintiff's counsel, the court remarked:

> Well, I, -- don't be hostile, because I don't rule in your favor, Mr. Goldberg, I don't do that.  I don't like Goldberg any more than I like Mueller.  As a matter of fact, if I were put to the test, I don't know who I'd like best.

Trial Tr. vol. II at 56-57.

[4]At another side bar conference, the court encouraged plaintiff's counsel to shorten his cross-examination of a witness, by stating that the jury was getting bored with it.  The court stated:  "Mike, I don't know where you're going.  You've proven all that you've proved the lethal aspects of it. . . . You've proved all the things that make your case."  Trial Tr. vol. IV at 272 (emphasis added).

-4-

## 2. Discovery Rulings

Bunting argues that a new trial should be granted because the district court erred in its discovery rulings. The conduct of discovery is committed to the trial court's sound discretion. Baker v. General Motors Corp., 86 F.3d 811, 816 (8th Cir. 1996). A new trial will only be granted if the errors complained of amount to a gross abuse of discretion resulting in fundamental unfairness. Derby v. Godfather's Pizza, Inc., 45 F.3d 1212, 1215 (8th Cir. 1995). Therefore, our scope of review is both narrow and deferential. Baker, 86 F.3d at 816.

Bunting claims that he never received information he requested via interrogatories and, due to the late compliance by the defendants, he was denied adequate time to prepare for defendants' expert witnesses. The crux of Bunting's argument in this regard is that the "trial court's refusal to grant sanctions effectively condoned defendants' obstructionist tactics." Appellant's Brief at 49. We note that Bunting did not ask the district court for more time to prepare for the witnesses or for more time to obtain rebuttal evidence. Further, Bunting has not shown how he was prejudiced by the court's rulings. We find no abuse of discretion.

## 3. Jury Verdict

Bunting further contends that a new trial should be granted because the jury verdict was against the weight of the evidence. The district court's denial of a motion for a new trial on grounds that the jury verdict is against the weight of the evidence is "`virtually unassailable on appeal.'" Peterson v. General Motors Corp., 904 F.2d 436, 440 (8th Cir. 1990) (quoting Grogg v. Missouri Pac. R.R., 841 F.2d 210, 214 (8th Cir. 1988)). Our review is very deferential, and on review of the record we find sufficient evidence to support the verdict.

**B.  Alleged Evidentiary Errors**

**1. Blood Alcohol Level**

Before trial, Bunting filed a motion in limine to exclude the evidence of Tracy's blood alcohol content.  Although the court did not rule on the motion, it allowed the evidence to be presented at trial.  A trial court's evidentiary decisions are reviewed under an abuse of discretion standard.  Adams v. Fuqua Indus., 820 F.2d 271, 273 (8th Cir. 1987).  We find no abuse of discretion.  Bunting himself opened the door to the introduction of such evidence during his case-in-chief.  Bunting, therefore, cannot now claim such introduction was error.  Starks v. Rent-A-Center, 58 F.3d 358, 362 (8th Cir. 1995) (where litigant claiming error opens door and invites error, court will not find reversible error).  Bunting opened the door by:  (1) introducing the autopsy report referring to the level of alcohol in Tracy's spinal fluid; and (2) questioning his own expert witness regarding the possible effects of alcohol on Tracy's actions on the night of his death.[5]

Even if Bunting had not opened the door to this evidence, we find that Tracy's blood alcohol level was relevant to the question of whether Tracy would have heeded an additional warning, had one been present on the boat.  Because this is a required element of

---

[5]During his direct examination of Dr. Mary Case, the Chief Medical Examiner for St. Louis County, Bunting introduced the autopsy report concerning Tracy's death.  That report included a reference to the level of ethanol (ethyl alcohol) in Tracy's spinal fluid.  That amount translates directly to blood alcohol level. Once the autopsy report was in evidence, defendants were entitled to cross-examine the witness about the report.

Also during Bunting's case-in-chief, Dr. Jesse Bindansent, one of Bunting's expert witnesses, testified about the probable effects of alcohol, if any, on Tracy's actions on the night of his death. Once again, defendants were free to cross-examine on this issue. Because Bunting had opened the door, defendants were also entitled to use such evidence in their closing arguments.

proof of a failure to warn products liability case under Missouri law,[6] <u>see</u> <u>Campbell v. American Crane Corp.</u>, 60 F.3d 1329, 1331 (8th Cir. 1995); <u>Arnold v. Ingersoll-Rand Co.</u>, 834 S.W.2d 192, 194 (Mo. 1992), we find that the court's decision to admit this evidence was correct.

### 2. Other Evidentiary Rulings

Bunting contends that the district court made various other evidentiary mistakes in allowing and excluding certain evidence. We have reviewed the record and find no abuse of discretion.

Bunting attempted to adduce evidence that defendants knew of the dangers of carbon monoxide in and around boats by introducing reports detailing such dangers. Some of the defendants' officials had apparently helped in the preparation of the reports. As the district court found, this evidence only referred to cabin craft, instead of the type of open air boat involved in Tracy's accident, without reference to the dangers posed by carbon monoxide in the ambient air. Therefore, we find that the court correctly excluded this evidence as irrelevant.

The district court also excluded a videotape offered by Bunting depicting lake residents swimming near the rear of similar boats, yet admitted a videotape of boat exhaust fumes offered by the defendants. The court excluded Bunting's videotape because it simply showed persons swimming off the back of boats, something Tracy's brother had just testified about in great detail. It was within the court's discretion to exclude such evidence as

---

[6]Under Missouri law, the causation element in a failure to warn case is two-pronged: "(1) the product for which there was no warning must have caused [the person's] injuries, and (2) <u>the plaintiff must show that a warning would have altered the behavior of those involved in the accident.</u>" <u>Campbell v. American Crane Corp.</u>, 60 F.3d 1329, 1331 (8th Cir. 1995) (emphasis added).

-7-

cumulative.  <u>Sparks v. Shelter Life Ins. Co.</u>, 838 F.2d 987, 991 (8th Cir. 1988).  In contrast, the court allowed the presentation of the videotape offered by defendants which showed heavy exhaust fumes emitted from an engine similar to that involved in Tracy's accident.  In showing that the machines depicted by the videotape were of a similar type as the engine on Tracy's boat, the defendants laid the proper foundation for and established the relevance of the evidence.  Therefore, the admission of this tape was within the sound discretion of the district court.

Bunting also attempted to introduce evidence of carbon monoxide tests conducted on boats at Blue Mesa Lake, Colorado, to show defendants' knowledge of the danger of carbon monoxide in and around boats.  The question of the admissibility of experimental tests in products liability cases is, likewise, committed to the sound discretion of the trial court.  <u>McKnight v. Johnson Controls, Inc.</u>, 36 F.3d 1396, 1401 (8th Cir. 1994).  Here, the district court found that the setting of the tests was too dissimilar to the facts of this case.  We agree.  The Blue Mesa tests were done on twin engine cabin cruisers at an altitude of approximately 6,000 feet.  It is well established that in order to introduce evidence of experimental tests, one must first show that the "tests were conducted under conditions substantially similar to the actual conditions."  <u>Id.</u> Bunting failed to make such a showing.  We therefore find that the district court correctly excluded this evidence.  We have considered the remainder of Bunting's arguments and find them to be without merit.

## III.  CONCLUSION

Finding no error in the district court's evidentiary rulings or in its denial of Bunting's motion for a new trial, we affirm.

A true copy.

Attest:

    CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.