Lawrence I. WECHSLER,

v.

MACKE INTERNATIONAL TRADE, INC.; Anthony O'Rourke; and Petsmart, Inc.

No. CV-00-00296CAS(BQRx).

United States District Court, C.D. California.

March 22, 2004.

Thomas Smegal, Irfan Lateef, Newport Beach, CA, for Plaintiff.

Conrad Solum, Los Angeles, for Defendant.

SNYDER, District Judge.

## I. PROCEDURAL BACKGROUND

Plaintiff Lawrence I. Wechsler is the inventor of a portable device for feeding animals, for which he owns U.S. Patent No. 5,636,592 ("the '592 patent"), issued June 10, 1997. In this action, plaintiff alleges that defendant Macke International Trade, Inc. ("Macke") and Anthony O'Rourke, Macke's President and Secretary, have infringed the '592 patent by importing, using, offering for sale, and selling in the United States, two different products, the "Handi–Drink" and the "Handi–Drink 4" products as well as inducing infringement of the '592 patent. The Handi–Drink products are portable water dispensing and drinking devices for animals, with the Handi–Drink ("HD–1") being the original device and the Handi–Drink 4 ("HD–4") being a later, smaller model.

Plaintiff filed the original complaint in this action on July 19, 1999. Plaintiff subsequently filed a First Amended Complaint ("FAC") on May 8, 2000, adding defendant Petsmart, Inc., and asserting claims against all defendants for infringement in violation of 35 U.S.C. § 271(a), and against O'Rourke and Macke for inducing infringement pursuant to 35 U.S.C. § 271(b).

Following a hearing in accordance with *Markman v. Westview Instruments, Inc.,* 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996), on March 23, 2001, the Court issued an Order Construing Patent on August 20, 2001. Subsequently, on October 30, 2001, the Court issued an Order Construing Additional Portions of Claims 1 and 18.

The Court granted defendants' motion for summary judgment of non-infringement of the '592 patent on February 13, 2002. The Federal Circuit reversed the Court's grant of summary judgment of non-infringement with

respect to HD–1, and affirmed the Court's grant of summary judgment of non-infringement with respect to HD–2 in an order dated January 29, 2003.

All claims against defendant Petsmart, Inc., and Petsmart Inc.'s counterclaim against plaintiff were dismissed with prejudice pursuant to a stipulation and order entered on July 7, 2003.

Defendants Macke and O'Rourke then moved for summary judgment of invalidity of the '592 patent. On November 25, 2003, the Court denied defendants' motion.

In an order dated February 26, 2004, the Court granted in part and denied part defendants' motion for summary judgment as to O'Rourke. In particular, the Court granted defendants' motion as to the O'Rourke's liability pursuant to 35 U.S.C. § 271(a) (patent infringement) and O'Rourke's liability as an alter ego of defendant Macke pursuant to California law. The Court denied defendants' motion as to O'Rourke's liability pursuant to 35 U.S.C. § 271(b) (inducing patent infringement).

Defendants filed a motion in limine regarding plaintiff's fact witness John R. Woods on March 4, 2004, and a motion in limine regarding plaintiff's expert witness Alan G. Goedde, Ph.D, on March 5, 2004. Those motions are presently before the Court.

## II. DISCUSSION

(1) Defendants' Motion in Limine Re: John R. Woods

■ Defendants argue that "[t]he first notification of any type ... that [p]laintiff intended to call John R. Woods ('Woods') as a trial witness was by a letter dated February 17, 2004," in which plaintiff's counsel identified Woods as a trial witness. Mot. at 3, citing Declaration of Conrad R. Solum, Jr., Ex. C. Defendants further contend that they did not learn "of the extent of [Woods'] proposed testimony, or at least the part concerning a meeting with Mr. Richard Lyon, an attorney for [d]efendant Macke in 1997," until plaintiff was served by defendants with a late-filed declaration by Woods on February 24, 2004, in connection with defendants' pending summary judgment motion. Mot. at

3–4, citing Solum Decl., Ex. D (Plaintiff's Response to Defendants' Expected Position ... in Connection with Defendants' Motion for Summary Judgment Dismissing Anthony O'Rourke) and Ex. E (Declaration of John R. Woods).

Defendants contend that plaintiff "has failed to comply with the Federal Rules of Civil Procedure in failing to identify John R. Woods as a trial witness until February 17, 2004, two months after discovery has closed and less than one week before the parties were required to file pretrial conference papers under Local Rule 16." Mot. at 4. Defendants argue that plaintiff did not include Woods in plaintiff's initial disclosure of witnesses pursuant to Fed.R.Civ.P. 26(a)(1), and that plaintiff failed to supplement the initial disclosure pursuant to Fed.R.Civ.P. 26(a)(3)(A) and 26(e)(1). Mot. at 5. Moreover, defendants assert that plaintiff's witness list served on February 23, 2004, "only lists Mr. Woods at the address and telephone number of [p]laintiff's local counsel ... in total disregard of Rule 26(a)(3)(A)," and that plaintiff intends to "conceal Mr. Woods from [d]efendants until he is brought into court at the last possible moment, 'Perry Mason style.'" Mot. at 5–6.

Defendants argue that as a result of plaintiff's failure to properly disclose Woods as a witness, pursuant to Fed. R.C.P. 37(c), "the appropriate sanction is the preclusion of [Woods] as a trial witness." Mot. at 6, citing *Derby v. Godfather's Pizza, Inc.*, 45 F.3d 1212, 1214 (8th Cir.1995). Defendants contend that "Woods was not identified until February 17, 2004 ... and therefore there is no portion of [Woods'] proposed testimony that might be allowable." Mot. at 6. Furthermore, defendants contend that there was no substantial justification for plaintiff's failure to properly disclose, because "[p]laintiff filed this lawsuit over 4 1/2 years ago and any investigation that recently identified the business arrangement between Mr. Woods and Defendant Macke or that located Mr. Woods could have been done at any time." Mot. at 7. Defendants conclude that "[i]t would be neither 'just,' nor 'inexpensive' to now allow [Woods] to testify, even if the Court would reopen discovery to allow De-

fendants to acquire documents from and take the deposition of [Woods] in the six weeks remaining before trial." *Id.* Finally, defendants also seek "[s]anctions in the form of the cost of bringing this motion." Mot. at 8.

Plaintiff argues that he had substantial justification for failing to identify Woods as a witness earlier than February 17, 2004. In particular, plaintiff argues that he was "unaware of the full nature of the testimony which could be provided by John Woods in this matter," since plaintiff was only first able to locate Woods on February 9, 2004. Opp. at 3. Plaintiff contends that "information pertaining to Mr. Woods was intentionally and consistently withheld by Defendants during discovery." [1] Opp. at 4. In particular, plaintiff argues that defendants' counsel, Conrad Solum, "was a member of the same firm as Richard Lyon at the time John Woods alleges Mr. Lyon saw the file history of the Woods patent," such that knowledge of Woods' existence must be imputed to Solum. Opp. at 5. Likewise, plaintiff contends that defendants' co-counsel, Richard Luskin, also had personal knowledge of Woods in that "Mr. Luskin was the attorney who represented [Macke] in the suit brought by [Woods] against [Macke] for breach of the confidentiality agreements entered into with [Woods]." Opp. at 5. Plaintiff also contends that O'Rourke "obscured the existence of Mr. Woods" in his deposition testimony by representing that he was never "approached by anyone else regarding ideas for a dog water feeder." [2] Opp. at 6, citing Declaration of R. Wechsler, Ex. E (December 12, 2003 Deposition Transcript of Anthony O'Rourke at 29).

Plaintiff further argues that sanctions for failing to make timely disclosure of a witness pursuant to Fed.R.Civ.P. 37(c)(1) are inapplicable when no party is harmed. Opp. at 6. Plaintiff contends that because defendants "all knew of the facts surrounding [their own] continued course of dealings with [Woods]"

they cannot show any prejudice. Opp. at 6–7, citing *Pfingston v. Ronan Engineering Co.*, 284 F.3d 999, 1005 (9th Cir.2002).

Finally, plaintiff contends that he has complied with Fed.R.Civ.P. 26(a)(3)(A) by listing the address and telephone number of plaintiff's counsel as Woods' address and telephone number, due to the fact that Woods has consented to have counsel accept service for him in this action.

Fed.R.Civ.P. 37(c)(1) provides in relevant part that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... information not so disclosed." The Court concludes that plaintiff has provided a "substantial justification" for the failure to disclose his intent to call Woods as a witness in a timely fashion— namely, that plaintiff was unaware of the relationship between Woods and defendants, in part because defendants did not disclose that relationship in response to questioning at prior depositions. Therefore, defendants' motion to exclude Woods from testifying at trial must be denied.

**(2) Defendants' Motion in Limine Re: Alan G. Goedde, Ph.D.**

 Defendants assert that "[i]n early 2001, in a timely manner, [p]laintiff identified Alan G. Goedde, Ph.D. as an expert witness to testify on the subject of damages and provided [d]efendants with the Expert Report of Alan G. Goedde, Ph.D. dated March 4, 2001." Mot. at 3, citing Solum Decl. Re: Goedde, Ex. A. Defendants further state that "[p]laintiff submitted a 'Supplemental Expert Report of Alan G. Goedde, Ph.D., dated July 19, 2001,' to add some calculations concerning 'price erosion on lost sales' but nothing concerning damage calculations based on a rea-

---

1. In their reply brief, defendants argue that plaintiff's "opposition fails to identify a single interrogatory, request for admission, document request or question during O'Rourke's deposition in February 2001 that was responded to in a way" that kept Woods' identity a secret. At the hearing on March 18, 2004, plaintiff identified various instances of written discovery and deposition questions asked in 2001, in response to

which plaintiff contends that O'Rourke should have revealed his relationship with Woods.

2. The relevant deposition testimony is as follows: "Q. Prior to coming up with the concept of the Hand[i]-Drink, had you been approached by anyone else regarding ideas for a dog water feeder? A. No." Wechsler Decl., Ex. E at 29.

sonable royalty." Mot. at 3–4, citing Solum Decl. Re: Goedde, Ex. B. Defendants contend that "[a]t his deposition on March 28, 2001, Dr. Goedde refused to give any specifics as to the facts he would use in determining patent infringement damages based on a reasonable royalty and he had no opinion as to what a reasonable royalty would be as to the product of the '592 patent." Mot. at 4, citing Solum Decl. Re: Goedde, Ex. D (Deposition Transcript of Alan Goedde). Defendants contend that on February 23, 2004, they were served with a Second Supplemental Expert Report of Alan G. Goedde, Ph.D., containing new damage calculations based upon "information [that] was available to Plaintiff at least as early as June 2003 when [p]laintiff entered into a Settlement Agreement with and dismissed PetsMart, Inc. from this case." *Id.*

Defendants argue that Goedde's Second Supplemental Expert Report is untimely because plaintiff failed to provide the report at least 90 days before the trial date as required by Fed.R.Civ.P. 26(a)(2)(C). Mot. at 5. Defendants contend that the trial date in this matter is April 27, 2004, 64 days after the service of the report. *Id.*

Defendants also argue that no initial disclosure of a computation of damages based on a reasonable royalty was provided as is required by Fed.R.Civ.P. 26(a)(1)(c). Mot. at 6. Finally, defendants argue that service of the Second Supplemental Expert Report after the close of discovery violates the Court's Notice to Counsel requiring "all discovery and responses thereto to be served by the discovery cut-off date." *Id.*

Defendants argue that there was no substantial justification for plaintiff's delay in serving Goedde's Second Supplemental Expert Report because plaintiff "waited eight months to provide the supplemental information concerning the Settlement Agreement with PetsMart, Inc. and an indeterminate length of time to provide information based on the sales of the Handi–Drink–4." Mot. 8–9. In addition defendants assert that "obvi-

ously it was not a 'harmless' failure." Mot. at 9.

As a result, defendants contend that Goedde should be precluded from testifying at trial "to anything contained in the Second Supplemental Expert Report of Goedde that is not contained in his original Expert Report or his first Supplemental Expert Report." Mot. at 7. In particular, defendants argue that "Goedde should not be permitted to testify as to the magnitude of damages awardable on the basis of a reasonable royalty." Mot. at 7–8, citing *Quevedo v. Trans–Pacific Shipping,* 143 F.3d 1255, 1258 (9th Cir.1998). Defendants also request that "[s]anctions in the form of the cost in bringing this motion ... be imposed under Rule 37." Mot. at 10.

Plaintiff contends that the specified deadline for a party to submit a supplemental expert report pursuant to the Federal Rules of Civil Procedure and the Local Rules is twenty-one days prior to the pre-trial conference.[3] Opp. at 2. Therefore, plaintiff contends that the service of Goedde's Second Supplemental Expert Report on defendants was timely, in that the expert report was served on February 23, 2004, twenty-one days before the pre-trial conference scheduled for March 15, 2004. *Id.*

Plaintiff further argues that in his initial expert report "Dr. Goedde did specifically refer to a 'reasonable royalty' and set forth the case law by which he would be able to complete his analysis regarding his opinion ..." Opp. at 3. Plaintiff also contends that "[d]ue to the difficulties involved in obtaining evidence from [d]efendants, including [d]efendants' ultimate refusal to provide certain information, it was not possible to complete the deposition of Mr. O'Rourke and thereafter complete the supplemental expert report of Dr. Goedde, and then to schedule another deposition of Dr. Goedde within the discovery period." Opp. at 4.

Plaintiff finally states that he is "willing to offer [d]efendants the opportunity to take Dr. Goedde's deposition regarding the additional information in his supplemental expert

---

**3.** In their reply brief, defendants contend that pursuant to Fed.R.Civ.P. 26(a)(2), all expert reports and supplemental expert report must be filed at least ninety days before the trial date. Reply at 2.

report at a mutually acceptable time during the weeks that remain before trial." Opp. at 4–5. Therefore, plaintiff concludes that any prejudice to defendant would be completely eliminated. Opp. at 5.

Fed.R.Civ.P. 26(e)(1) provides that "[w]ith respect to testimony of an expert from whom a report is required ... the duty [to supplement] extends both to information provided through a deposition of the expert, and any additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due." Fed.R.Civ.P. 26(a)(3) provides that "[u]nless otherwise directed by the court, these disclosures must be made at least 30 days before trial." Local Rule 16–3 and 16–4 provide that a final witness list must be filed "[n]ot later than twenty-one (21) days in advance of the Final Pretrial Conference." The notes to the 1993 Amendments to Fed.R.Civ.P. 26 clarify that "with respect to experts from whom a written report is required under subdivision (a)(2)(B), changes in the opinions expressed by the expert whether in the report or at a subsequent deposition are subject to a duty of supplemental disclosure under subdivision (e)(1)."

Goedde's Second Supplemental Expert Report was served on February 23, 2004, "on the very day that the parties were required to file Pretrial Conference papers under Local Rule 16." *See* Mot. at 5. Therefore, the disclosure of Goedde's reasonable royalty calculations in the Second Supplemental Expert Report appears to comply with Fed.R.Civ.P. 26(e). In addition, the Court concludes that Goedde's initial expert report, dated March 4, 2001, placed defendants on notice that Goedde intended to testify regarding a computation of damages based upon a reasonable royalty. *See* Solum Decl., Ex. A (Expert Report of Alan G. Goedde, Ph.D., dated March 4, 2001) at 8 (containing a bold heading entitled "Reasonable Royalty," and stating in part that, "[i]n determining a reasonable royalty, as a starting point I generally utilize the factors set forth in *Georgia–Pacific Corp.* ... I reserve the right to update my report, if necessary, if and when documents [from defendants] ... are made available to me."). In addition, because plaintiff is will-

ing to allow defendants to take Goedde's deposition regarding the damage calculations contained in the Second Supplemental Expert Report, any prejudice to defendants will be minimized.

### III. CONCLUSION

Defendants' motion in limine re: John R. Woods is DENIED without prejudice. Defendants' motion in limine re: Alan G. Goedde, Ph.D. is DENIED without prejudice. Discovery is reopened to permit the depositions of John R. Woods, Richard E. Lyon, and Alan G. Goedde, Ph.D. to be taken and for documents to be produced that relate to the subject matter of the depositions, consistent with the limitations expressed on the record by the Court.

IT IS SO ORDERED.